**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 00-10947**
_____


**STEWART RAHR, in his own right and in the right**
**and on behalf of Continental Investment,**

**Plaintiff-Appellee,**

**VERSUS**

**RESCUE CAPITAL CORPORATION, ET AL.,**

**Defendants,**

**MALCOLM M. KELSO, R. DALE STERRITT, JR., EDWARD W.**
**ROUSH, JR., FRED ROYER, RICHARD D. STERRITT, SR.,**
**LARRY STERRITT, STERRITT PROPERTIES, INC., and**
**20TH CENTURY HOLDINGS, INC.,**

**Defendants-Appellants,**

**VERSUS**

**CONTINENTAL INVESTMENT CORPORATION,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
For the Northern District of Texas

_____

(3:99-CV-628-G)

June 7, 2002


Before DUHÉ, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIUM:[*]

### I.  <u>PROCEDURAL HISTORY</u>

This case involves a convoluted mix of facts and parties. There is one plaintiff, Stewart Rahr (suing on his own behalf and on behalf of Continental Investment Corporation), and five groups of appealing defendants: (1) Dale Sterritt; (2) the "Sterritt Group" (consisting of Dick Sterritt, Larry Sterritt, Sterritt Properties, Inc. and 20th Century Holdings, Inc.); (3) Edward W. Roush; (4) Fred Royer; and (5) Malcolm Kelso.[1]

Rahr initially sued the defendants on October 9, 1998, in the Eastern District of New York. He alleged that various defendants were engaged in a massive fraudulent enterprise related to Continental Investment Corporation (CIC). He sought to recoup the approximately $12 million that he invested in CIC and lost as a result of the defendants' fraudulent activities.

The suit was then moved by the defendants to a bankruptcy court in Texas. On May 18, 1999, it was transferred to the Northern District of Texas. CIC then intervened to assert claims against the defendants. When the case was finally tried in the Northern District of Texas, the jury returned a unanimous verdict

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] On March 19, 2001, this Court dismissed Kelso's appeal pursuant to the fugitive disentitlement doctrine. On September 17, 2000, we reconsidered that decision and reinstated his appeal.

for the plaintiffs against some of the defendants, and the District Court accordingly entered judgment in their favor. Some of those defendants now appeal here. Finding no error, we AFFIRM the District Court's judgment.

## II. **THE FACTS**

CIC is a waste disposal company, which has been liquidated in bankruptcy since the onset of this litigation. Dale Sterritt was CIC's President and CEO. Before 1998, Sterritt Properties, Inc. was CIC's largest shareholder.

Rahr met Dale Sterritt in 1995. Based on Dale's representations about CIC, Rahr began investing in the company and continued to purchase stock in CIC through 1998. In total, he invested about $11.6 million, becoming CIC's largest investor. He also made loans totaling $450,000 to Dale and a Sterritt-family-owned company. Ultimately, his entire investment was lost, and the loans were never repaid.

At trial, the specifics of the various business ventures and dealings at issue were discussed in great detail. In brief, according to the plaintiffs' allegations, the defendants induced investors to buy millions of dollars of CIC stock by "representing that CIC's immense quarry excavation in Atlanta was ideally suited for use as a municipal landfill, and by promising that CIC was about to be listed on the NASDAQ." Then, "[o]nce the investment

dollars started pouring in, the Sterritts, Roush, and Royer used [several] related corporations to siphon the money into their own pockets, and used various illegal stock sales to raise even more cash for themselves." According to Rahr, the defendants accomplished their fraudulent scheme in part by using companies that, while held out as unrelated to the Sterritts, were secretly owned and controlled by them.

### III. ISSUES RAISED

Five groups of defendants filed briefs here. Each defendant raised several issues, and some issues were raised by more than one defendant. In summary, the defendants challenge: (1) whether the District Court abused its discretion by imposing sanctions against the defendants who did not participate in the pre-trial order; (2) whether the District Court abused its discretion by placing time limitations on the parties during trial; (3) whether the defendants are entitled to a new trial because the jury foreperson allegedly engaged in misconduct; (4) whether the plaintiff, Stewart Rahr, had standing to bring claims on CIC's behalf; (5) whether the District Court lacked jurisdiction to submit certain questions to the jury; and (6) whether the District Court erred by issuing an All Writs Act injunction requiring permission from the court for any party to file bankruptcy or any related lawsuits in other jurisdictions. In addition, the defendants raised numerous challenges related to the

legal and factual sufficiency of the evidence.

## IV.  CONCLUSION

After reviewing the voluminous record in this case and carefully considering the parties' respective briefings, we find no error on the part of the District Court with respect to those issues not waived on appeal.  Accordingly, we AFFIRM the District Court's judgment.